By the Court,

Nelson, J.
The county of Niagara extends westerly to the middle of the Niagara river, and the power of the court of common pleas of that county to license ferries within its limits, is without qualification. 1 R. S. 526, § 1. So far as jurisdiction is concerned, it is as complete over this river to the centre thereof, as over any other stream within the county. The privilege of the license may not be as valuable to the grantee by not extending across the river; but as far as it does extend, he is entitled to all the provisions of the law, the object of which is to secure the exclusive privilege of maintaining a ferry at a designated place. The prohibition in the eighth section of the act against using a ferry without a license, is in terms co-extensive with the power given to grant a ferry.
The defendant set up a register of his boat under the act of congress of 1792, granted to him by the collector of the customs of the port of Lewiston. This instrument conferred no authority upon him to keep and use a ferry at Youngstown ; its only effect was to give to his boat a national character. No license was shown under the act of congress of 1793 for enrolling and licensing ships and vessels employed in *the coasting trade, and therefore it is unimportant to examine the effect of such a license in reference to the jurisdiction and power of the state to regulate ferries within its limits.
I understand the case of Gibbons v. Ogden, 9 Wheaton, 1, distinctly to concede that this power, which belongs to the sovereignty of a state, and is essential to the regulation of its internal police has not been surrendered to the national government, and that the clause in the constitution, giving to congress the power “ to regulate commerce with foreign nations, and among the several states, and with the Indian tribes,” does not include it. The constitutional power of congress to regulate commerce with foreign nations, stands upon the *593 same footing as that which may exist among the several states; and if the state has not reserved the right to establish and regulate ferries upon the waters in question within her limits, then she lias not the right to establish and regulate ferries upon the waters separating her from other states, and the consequence would be, that no public ferries could exist in all these cases, unless under the authority of congress. Such power has never been claimed by congress ; and on the contrary, it has always been exercised by the several states, between which a ferry is practicable and convenient. There are numerous acts in our statute book establishing ferries across the river in question ; also across the St. Lawrence, Lake Champlain, the river Hudson opposite New-Jersey, and Long Island Sound opposite Connecticut. That the state has the power to estalish and regulate ferries is indisputable, unless it has been conferred on the national government by some clause in the constitution; that it has been so conferred, has been claimed by that government, and on the contrary, it has been expressly disclaimed by the judicial department thereof. I am therefore of opinion that the commissioner erred in discharging the defendant, and that he ought to have remanded him into custody.